# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUDGE DEAN T. STOUT,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00700-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PAY FILING FEE<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　Plaintiff Steven Wayne Bonilla ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 11, 2018 in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) This action was transferred to the Fresno Division on May 23, 2018. (ECF No. 4.) Plaintiff has not paid the filing fee or filed an application to proceed *in forma pauperis* in this action.

　　　Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Plaintiff has been informed in prior cases that he is subject to § 1915(g).[2]

---

[1] The Court takes judicial notice that Plaintiff has filed hundreds of lawsuits throughout the state of California, and

1

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g). <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff, who has been sentenced to death by the Superior Court of California for the County of Alameda, argues that the trial court lacked subject matter jurisdiction over that matter, and therefore requests that the judgment be vacated and that Plaintiff be released from incarceration. (ECF No. 1.) Though Plaintiff alleges that he is "always under imminent danger of serious physical injury," he bases this assertion on the fact that he is under armed guard at all times, with signs posted stating "Danger, no warning shots will be fired." (<u>Id.</u> at 4.) The mere fact of Plaintiff's confinement is not sufficient to satisfy the exception from the three strikes bar under 28 U.S.C. § 1915(g).

Finding no meritorious claim or imminent danger, Plaintiff is ordered, within **fourteen (14) days** of the date of service of this order, to show cause why this case should not be dismissed for failure to pay the filing fee, or to pay the full $400.00 initial filing fee in full to proceed with this action. **<u>Plaintiff's failure to comply with this order will result in dismissal of this action</u>.** If, after receiving this order, Plaintiff no longer wishes to pursue this action, he shall file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: __May 24, 2018__  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

---

specifically takes judicial notice of the following United States District Court Cases: (1) <u>Bonilla v. Santa Barbara Cty.</u>, Case No. 2:18-cv-00988-DMG-JPR (C.D. Cal.) (dismissed on February 13, 2018, as frivolous, malicious, and for failure to state a claim); (2) <u>Bonilla v. Alameda Cty. Prosecutor Jon Goodfellows</u>, Case No. 2:18-cv-00685-DMG-JPR (C.D. Cal.) (dismissed on February 5, 2018, as frivolous, malicious, and for failure to state a claim); (3) <u>Bonilla v. Unknown</u>, 2:17-cv-07757-DMG-JPR (C.D. Cal.) (dismissed on October 27, 2017, as frivolous, malicious, and for failure to state a claim); (4) <u>Bonilla v. State of Cal.</u>, Case No. 4:11-cv-02654-CW (N.D. Cal.) (dismissing 13 civil rights actions on June 13, 2011, for failure to state a claim).

[2] The Court takes judicial notice of Document 4 in <u>In re: Steven Wayne Bonilla</u>, Case No. 15-16444 (9th Cir.) and Document 4 in <u>Bonilla v. Alameda Cty. Prosecutor Jon Goodfellows</u>, Case No. 2:18-cv-00685-DMG-JPR (C.D. Cal.).