# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STOUT,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00700-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PAY FILING FEE<br><br>(ECF No. 6)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Steven Wayne Bonilla ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 11, 2018 in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) This action was transferred to the Fresno Division on May 23, 2018. (ECF No. 4.) Plaintiff has not paid the filing fee in this action.

On May 25, 2018 the Court issued an order for Plaintiff to show cause why this case should not be dismissed for failure to pay the filing fee, or to pay the filing fee in full to proceed with this action. (ECF No. 6.)

Rather than filing a response to the Court's order, Plaintiff filed a motion to proceed *in forma pauperis* on May 29, 2018, and a "Motion to Vacate Void Judgment" on June 8, 2018. (ECF Nos. 7,

1

8.) Neither filing is responsive to the Court's order to show cause. The deadline for Plaintiff's response to the Court's order to show cause, or payment of the filing fee for this action, has expired.

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Plaintiff has been informed in a prior case that he is subject to § 1915(g).[2]

The Court reviewed Plaintiff's complaint and found that his allegations do not satisfy the imminent danger exception to section 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff, who has been sentenced to death by the Superior Court of California for the County of Alameda, argues that the trial court lacked subject matter jurisdiction over that matter, and therefore requests that the judgment be vacated and that Plaintiff be released from incarceration. (ECF No. 1.) Though Plaintiff alleges that he is "always under imminent danger of serious physical injury," he bases this assertion on the fact that he is under armed guard at all times, with signs posted stating "Danger, no warning shots will be fired." (Id. at 4.) The mere fact of Plaintiff's confinement is not sufficient to satisfy the exception from the three strikes bar under 28 U.S.C. § 1915(g).

Thus, Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff has failed to pay the $400.00 filing fee required to litigate this action, despite being provided with a further opportunity to do so.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

---

[1] The Court takes judicial notice of the following United States District Court Cases: (1) Shepard v. Connolly, Case No. 2:11-cv-01262-UA-MAN (C.D. Cal.) (dismissed on February 17, 2011, for being frivolous, malicious, or failing to state a claim); (2) Shepard v. Johnson, Case No. 1:11-cv-01726-SKO PC (dismissed on August 7, 2012, for failure to state a claim); (3) Shepard v. Munoz, Case No. 1:12-cv-01470-GSA PC (dismissed on October 8, 2013, for failure to state a claim).

[2] The Court takes judicial notice of Documents 25 and 26 in Shepard v. Podsakoff, Case No. 1:12-cv-00495-AWI-EPG (E.D. Cal.).

Furthermore, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to pay the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 18, 2018**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE