# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>        Plaintiff,<br><br>    v.<br><br>JUDGE DEAN T. STOUT,<br><br>        Defendant. | Case No. 1:18-cv-00700-AWI-BAM (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 15) |

Plaintiff Steven Wayne Bonilla ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 19, 2018, the assigned Magistrate Judge issued findings that Plaintiff was subject to the three strikes bar under 28 U.S.C. § 1915(g), and his complaint did not satisfy the imminent danger exception. The Magistrate Judge recommended that the action be dismissed, without prejudice, due to Plaintiff's failure to pay the filing fee. (ECF No. 9.) Plaintiff filed an additional motion to proceed in forma pauperis, (ECF No. 10), and untimely objections, (ECF No. 11). On August 22, 2018, after a de novo review of the case, the Court adopted the findings in full and dismissed this action. (ECF No. 13.) Judgment was entered the same date. (ECF No. 14.)

Currently before the Court is Plaintiff's filing, received October 29, 2018. (ECF No. 15.) The Court construes the filing, which is more than 120 pages in length, as a motion for reconsideration of the order dismissing this action and entry of judgment.

1

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Upon careful review of Plaintiff's motion, it appears that Plaintiff generally argues that he is not required to pay the filing fee for this action because he is attempting to vacate a void judgment—specifically, the conviction which led to Plaintiff's incarceration. However, as with Plaintiff's objections to the Magistrate Judge's findings and recommendations, none of these arguments address the original ground for dismissal of this action, which is Plaintiff's failure to pay the filing fee in the instant action. Plaintiff has made no argument showing that he is subject to the imminent danger exception to the three strikes bar, and has presented no new grounds that would warrant reconsideration of the Court's final order and judgment dismissing this action.

Accordingly, Plaintiff's motion for reconsideration, (ECF No. 15), is HEREBY DENIED. This action remains closed.

IT IS SO ORDERED.

Dated: __November 5, 2018__       _____
                                  SENIOR DISTRICT JUDGE